```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACQUELINE ABBOTT-BENSON,           :
                                    :
               Plaintiff,           :    CIVIL ACTION
                                    :
     v.                             :    NO. 15-cv-1861
                                    :
CHEYNEY UNIVERSITY OF PENNSYLVANIA, :
ET AL.,                             :
                                    :
               Defendants.          :
```

**MEMORANDUM & ORDER**

**Joyner, J.**                                      **September 16, 2015**

Before this Court are Defendants' Motion to Dismiss (Doc. No. 2) and Plaintiff's response thereto (Doc. No. 4). For the reasons set forth in this Memorandum, the Court grants the motion.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Jacqueline Abbott-Benson ("Plaintiff") is an African-American female over the age of forty.[1] Cheyney University of Pennsylvania ("Cheyney") hired Plaintiff as a police officer; she began her employment with Cheyney on July 20, 2007.

Defendant Cheyney is a public university that employs over five hundred individuals. Defendants Lawrence Richards ("Richards"), Jo-Anne Harris ("Harris"), and Michele R. Howard-Vital ("Howard-Vital") were all supervisory employees at Cheyney

---

[1] The facts for this section are taken from the Plaintiff's Complaint (Doc. No. 1).

1

during the relevant time period.

On or about April 30, 2013, Plaintiff was a witness in two federal discrimination lawsuits against Cheyney. Plaintiff's participation in these suits was known to Cheyney as well as to the individual Defendants.

On or about May 2013, Richards informed Plaintiff that Plaintiff was to be furloughed for budgetary reasons. Around the same time, Harris informed Plaintiff of her furlough by letter and a telephone call. At the time she was furloughed, Plaintiff was a police captain. Plaintiff informed both Harris and Richards that she be would be willing to return to either an open sergeant position or to an open police officer position. On or about June 2013, Howard-Vital affirmed the furlough.

Plaintiff applied for unemployment compensation benefits when she was furloughed. She did not receive these benefits. Plaintiff alleges that the individual Defendants intentionally withheld documents necessary for Plaintiff to receive these benefits.

After Plaintiff was furloughed, Cheyney hired three white males as sergeants. Plaintiff avers that one of the new sergeants is under the age of forty and that one has less experience than Plaintiff does. Plaintiff also avers that Cheyney hired two white male police officers after she was furloughed.

Plaintiff commenced the present action by filing a complaint with this Court on April 10, 2015.  Plaintiff asserts the following claims: (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for retaliation for protected activity; (2) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for discrimination based on race, gender, and age; (3) violation of Plaintiff's Fourteenth Amendment right to equal protection brought under 42 U.S.C. § 1983 for discrimination based on gender and race; (4) violation of the Pennsylvania Human Relations Act, 43 Pa. Const. Stat. Ann § 955, for discrimination based on age, gender, race, and prior protected activity.

Defendant responded by filing a motion to dismiss for certain claims of the Plaintiff's complaint on July 7, 2015.  Plaintiff responded to the Defendant's Motion on July 22, 2015.

## II.  STANDARD OF REVIEW

### A.  Federal Rule of Civil Procedure 12(b)(1)

The Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.  <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 98-100 (1984)).  A party may properly raise Eleventh Amendment immunity in a motion to dismiss for lack of subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1).  Id.

When considering a motion to dismiss under Rule 12(b)(1), a district court must distinguish between facial and factual challenges to its subject matter jurisdiction.  Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside the pleadings."  Smolow v. Hafer, 353 F.Supp.2d 561, 566 (E.D. Pa. 2005)(citing Mortenson, 549 F.2d at 891).  A challenge under the Eleventh Amendment is a facial challenge.  Urella v. Pa. State Troopers Ass'n, 628 F.Supp.2d 600, 604 (E.D. Pa. 2008). Accordingly, the Court must accept the allegations in the Complaint as true in ruling on the motion.  Mortenson, 549 F.2d at 891.  In an ordinary Rule 12(b)(1) motion, the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists.  See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  When the 12(b)(1) motion is based on sovereign immunity, however, the party asserting Eleventh Amendment immunity bears the burden of proving entitlement to it.  Christy v. Pa. Tpk. Comm'n, 54 F.3d 1140, 1144 (3d Cir. 1995).

### B. Federal Rule of Civil Procedure 12(b)(6)

In considering a motion to dismiss pursuant to Fed. R. Civ.

4

P. 12(b)(6), a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Id.  Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

### III.  DISCUSSION

#### A.  Claims Against Individual Defendants under Title VII

Counts I and II of Plaintiff's Complaint seem to claim Title

5

VII violations by the individual Defendants.[2]  Defendants argue that Title VII does not allow for individual liability. Defendants are correct.  <u>Sheridan v. E.I. DuPont de Nemours and Co.</u>, 100 F.3d 1061, 1078 (3d Cir. 1996).  Plaintiff does not contest this.  Therefore, we will grant Defendants' motion on this issue and dismiss the Title VII claims against the individual Defendants.

### B.  Age Discrimination Claim

Defendants argue that Plaintiff's age discrimination claim brought under Title VII should be dismissed because Title VII does not prohibit discrimination based on age.  While Plaintiff argues that the motion should be denied, Plaintiff concedes that there is no age discrimination provision under Title VII. Defendants' motion to dismiss the age discrimination claim under Title VII is granted.

Plaintiff requests leave to amend the Complaint to bring the age discrimination claim under the Age Discrimination in Employment Act ("ADEA").[3]  In general, "a party may amend the party's pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when

---

[2] Under Title VII, an employer may not discriminate against any individual on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e *et seq.*

[3] The Age Discrimination in Employment Act of 1967, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age."  26 U.S.C. § 623(a)(1).

justice so requires." Fed. R. Civ. P. 15(a).  While a motion to amend a complaint may ordinarily be granted, a court should deny the motion where the amendment would be futile.  Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).  An amendment is considered futile if the amended complaint could not withstand a motion to dismiss.  Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

Cheyney is part of the State System of Higher Education ("SSHE"), a state agency of the Commonwealth of Pennsylvania.  See O'Hara v. Ind. Univ. of Pa., 171 F.Supp.2d 490, 494 (W.D. Pa. 2001).  The SSHE is entitled to the protection of the Eleventh Amendment in federal courts.  Skehan v. State Sys. of Higher Educ., 815 F.2d 244, 247 (3d Cir. 1987).  As a constituent institution of SSHE, Cheyney is also entitled to Eleventh Amendment immunity.  O'Hara, 171 F.Supp.2d at 497.  While the language of the Eleventh Amendment seems to limit its effects to citizens of other states,[4] the Supreme Court has consistently held that the Eleventh Amendment immunizes "an unconsenting state . . . from suits brought in federal courts by her own citizens, as well as by citizens of another state."  Pennhurst, 465 U.S. at 908.

---

[4] The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

There are two exceptions to the general immunity from suit for states and state agencies: a state may waive immunity and consent to suit or congress can abrogate the state's immunity in exercise of its power to enforce the Fourteenth Amendment. Lombardo v. Pa., Dept. of Public Welfare, 540 F.3d 190, 195-96 (3d Cir. 2008). Congress did not validly abrogate the states' sovereign immunity to damage suits under the ADEA. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000). Neither has Pennsylvania waived its sovereign immunity for suits in federal courts.[5] Therefore, a damages claim against Pennsylvania under the ADEA is barred from being heard in federal court by the Eleventh Amendment.

Because a claim barred by the Eleventh Amendment could be dismissed under Fed. R. Civ. Proc. 12(b)(1), the Court denies Plaintiff's request to amend the Complaint to bring an action under the ADEA against Cheyney. There is no individual liability for claims under the ADEA. Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006). As such, an ADEA claim against the individual Defendants would also not survive a motion to dismiss. Therefore, Plaintiff's request to amend the complaint to bring an ADEA action against the individual Defendants is also denied.

---

[5] 42 Pa. Const. Stat. Ann. § 8521(b) ("Nothing contained in this subchapter [on actions against Commonwealth parties in civil actions and proceedings] shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

**C.   Section 1983 Claims Against Cheyney**

The Defendants argue that the claims brought under 42 U.S.C.A. § 1983 against Cheyney should be dismissed because Cheyney is not a "person" under this statute.  This is correct.[6]  This is not contested by Plaintiff.  The motion to dismiss the Section 1983 claims against Cheyney is granted.[7]

**D.   PHRA Claims Against Cheyney**

The Defendants argue that the Eleventh Amendment bars the Plaintiff from bringing suit against Cheyney under the Pennsylvania Human Relations Act ("PHRA") in federal court.[8]  Plaintiff contests this.  For reasons explained below, we grant the Defendants' motion to dismiss the PHRA claims against Cheyney.

As noted above, the Eleventh Amendment immunizes a state from suit in federal court unless either congress abrogates the state's immunity or the state waives its immunity.  Lombardo, 540

---

[6] "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).

[7] The Defendants also argue that the Eleventh Amendment bars the Section 1983 claim against Cheyney.  It is not necessary to address this argument as the issue is resolved on statutory grounds. Vt. Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 787 (2000).

[8] The Pennsylvania Human Relations Act makes it unlawful for an employer to discriminate against an employee or independent contractor on the basis of "race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual . . ."  43 Pa. Cons. Stat. Ann § 955.

F.3d at 195-96.  Plaintiff conflates these two exceptions, stating that because Congress abrogated the state's immunity under Title VII, the Commonwealth of Pennsylvania has waived its immunity for claims under that same statute.  Plaintiff further confuses the issue by claiming that because PHRA covers essentially the same conduct as Title VII, the exception that applies to Title VII also applies here.  That is not correct.  PHRA is a Pennsylvania statute, so the only possible exception to Eleventh Amendment immunity is state consent.  Because sovereign immunity is such an important and fundamental right, an intention to waive it must be clearly expressed.  See id. at 196.  While the Pennsylvania legislature has waived the Commonwealth's immunity from suit under the PHRA in state court, there is no evidence it has waived its immunity from suit in federal court.  42 Pa. Const. Stat. Ann. § 8521(b); See Patterson v. Pa. Office of Inspector Gen., 243 Fed.Appx. 695, 696 (3d Cir. 2007); Moore v. Pa. Dept. of Military & Veterans Affairs, 216 F.Supp.2d 446, 454 (E.D. Pa. 2002).

   Plaintiff argues that because this court would have supplemental jurisdiction over the claims that arise out of the same underlying conduct as the Title VII claims, the Eleventh Amendment does not bar the claim.  This is incorrect.[9]  Plaintiff cites Perry v. Pa. to support the claim that the Third Circuit

---

[9] "[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."  Pennhurst, 465 U.S. at 121.

has found federal subject matter jurisdiction for PHRA claims against a state in federal court.  At issue in that case was whether the district court properly denied the Appellant's motion to reopen her case in federal court.  <u>Perry v. Pa.</u>, 328 Fed.Appx. 785 (3d Cir. 2009).  The district court had dismissed claims brought under the Americans with Disabilities Act and the Rehabilitation Act of 1973 and then transferred the remaining PHRA claim to state court.  Nothing in either the district court or the circuit court opinions supports Plaintiff's claim.

It appears Plaintiff also relies on <u>Dici v. Com. of Pa.</u>, 91 F.3d 542 (3d Cir. 1996).[10]  Such reliance is misplaced.  The court in <u>Dici</u> avoided the Eleventh Amendment issue not because it "did not even feel it necessary to contemplate," as Plaintiff argues, but rather because the jurisdiction over the PHRA claims against the state was not at issue on appeal.  <u>Id.</u>  Instead, the analysis focused on whether the Title VII claims against the state were properly dismissed on the basis of issue preclusion. <u>Id.</u> at 547-51.

In short, Plaintiff cites several cases that do not address the issue of sovereign immunity with regard to the PHRA claim in

---

[10] The Plaintiff does not provide a citation to the case.  The Court notes that 7.1(c) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania requires "[e]very motion not certified as uncontested, or not governed by Local Civil Rule 26, [to] be accompanied by a brief containing a concise statement of the legal contentions and authorities relied on in support of the motion."  A party opposing the motion "shall serve a brief in opposition together with such answer or other response that may be appropriate."  The authorities relied on in either party's briefs should be properly cited.

federal court.  While the Third Circuit has not ruled on this issue, the district courts have uniformly found that Pennsylvania has not consented to suit in federal court under the PHRA.  See, e.g., Williams v. Pa. State Police Bureau of Liquor Control Enforcement, 108 F.Supp.2d 460, 465 (E.D. Pa. 2000), Mitchell v. Miller, 884 F.Supp.2d 334, 380-81 (W.D. Pa. 2012).  This Court agrees and grants the Defendants' motion to dismiss the PHRA claims against Cheyney.

### IV.  CONCLUSION

For the foregoing reasons, the Court grants the Defendants' Motion for dismissal of certain claims in its entirety.  The remaining claims are: (1) violation by Cheyney of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for retaliation for protected activity; (2) violation by Cheyney of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for discrimination based on race and gender; (3) violation by the individual Defendants of Plaintiff's Fourteenth Amendment right to equal protection brought under 42 U.S.C. § 1983 for discrimination based on gender and race; (4) violation by the individual Defendants of the Pennsylvania Human Relations Act for discrimination based on age, gender, sex, race, and prior protected activities.